UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL L. RUIZ,

                    Plaintiff,

          -against-                                    25-CV-1109 (LLS)

THE PARKCHESTER NORTH                           ORDER OF DISMISSAL
CONDOMINIUM; MR. ARERY; MR.
MORTAN L. OLSHAN; MS. LARCEY,

                    Defendants.

LOUIS L. STANTON, United States District Judge:

        Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint

alleging that Defendants violated his rights. By order dated March 19, 2026, the Court dismissed

the complaint for lack of subject matter jurisdiction but granted him 30 days' leave to amend his

complaint to show that the court has jurisdiction of the claims raised. Plaintiff filed an amended

complaint on April 6, 2026, and the Court has reviewed it. The action is dismissed for the

reasons set forth below.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.

Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

In the amended complaint, Plaintiff names as defendants: (1) The Parkchester North Condominium; (2) Mr. Arery, Manager; (3) Mr. Mortan L. Olshan, President; and (4) Ms. Marcey, Manager. He provides addresses in New York for all Defendants.

The following facts are drawn from the amended complaint.[1] On April 7, 2024, Plaintiff was admitted to the hospital with pneumonia, which he alleges was caused by persistent mold in his apartment administered and managed by Defendants. Later, in December 2024, Plaintiff was readmitted to the hospital "because the molding in the apartment changed the rhythm and palpitation of [his] heart, causing [him] to have heart surgery." (ECF No. 7, at 5.) Plaintiff contends that these harms were preventable because Defendants were aware of the dangerous mold in his apartment yet failed to take action to remediate it. (*Id*.) Plaintiff adds that in state-court proceedings about this matter, Defendants' attorney admitted responsibility. (*Id*. at 6.)

Plaintiff seeks $9 million in damages. (*Id*.)

## DISCUSSION

### A.    Subject matter jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or, under its diversity jurisdiction, when only state-law claims are raised, the plaintiff and the defendants are citizens of different states,

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

2

and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

In the amended complaint, Plaintiff invokes the court's diversity jurisdiction, just as he did in the original complaint. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that he and the defendants are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

As in the original complaint, Plaintiff alleges that he and all four Defendants reside in the State of New York. Because Plaintiff and Defendants all reside in the same state, the parties are not diverse, and the court cannot exercise its diversity jurisdiction of the claims that Plaintiff asserts.[2] The Court therefore dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**B.    Leave to amend denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity

---

[2] Moreover, in the amended complaint, Plaintiff does not refer to federal law, and the facts alleged do not give rise to a claim under federal law. The Court therefore lack federal question jurisdiction of the claims raised.

to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3)..

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:    April 9, 2026
          New York, New York

_____
              Louis L. Stanton
              U.S.D.J.

4